**ADANTÉ D.  POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**LATEEF H. GRAY, ESQ., SBN 250055**
**TREVA R. STEWART, ESQ., SBN 239829**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: LGray@LawyersFTP.com
Email: TStewart@LawyersFTP.com

Attorneys for Plaintiff
CHRISTIANA PORTER

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIANA PORTER, an individual; | Case No.: |
| Plaintiff, | |
| v. | <u>COMPLAINT FOR DAMAGES</u><br>(42 U.S.C. § 1983) |
| CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; JOSH MCFALL, in his individual capacity as a law enforcement officer for the San Francisco Police Department; and DOES 1-50, inclusive. | <u>JURY TRIAL DEMANDED</u> |
| Defendants. | |

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607
Tel: (510) 929 - 5400

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607
Tel: (510) 929 - 5400

## INTRODUCTION

1.      This action arises out of San Francisco Police Officer Josh McFall and other yet-to-be-identified San Francisco Police Officers' unlawful detention, excessive use of force and unlawful arrest of Ms. Christiana Porter, a vulnerable, young mother, on July 29, 2024.

2.      As a result of the officers' conduct, Ms. Christiana Porter sustained a concussion, separated shoulder, back pain, neck pain, and sciatic nerve damage.  Plaintiff also suffered injuries to her psyche, including a severe worsening and exacerbation of domestic violence related symptoms, as well as severe embarrassment and other mental injuries due to being physically assaulted and wrongfully arrested in a very public and visible manner for allegedly jaywalking.

## JURISDICTION

3.      This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code (U.S.C.), §§ 1331 and 1343, confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City and County of San Francisco, California, which is within the judicial district of this Court.

4.      The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the state law claims, which are related to federal claims in this action in that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

5.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district, and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

6.      Plaintiff CHRISTIANA PORTER ("PLAINTIFF" or "MS. PORTER") is a competent adult, a California resident and a United States Citizen. Ms. Porter identifies as Black and is readily recognizable as such.




POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607
Tel: (510) 929 - 5400

7.    Defendant CITY AND COUNTY OF SAN FRANCISCO ("CCSF") is a municipal corporation, duly authorized to operate under the laws of the State of California.  Under its supervision, CCSF manages and operates the SAN FRANCISCO POLICE DEPARTMENT ("SFPD" or "Police Department").  CCSF maintains respondeat superior liability for the actions of its employees.

8.    Defendant OFFICER JOSH MCFALL ("DEFENDANT MCFALL") is and at all relevant times was an officer for Defendant CCSF and is sued individually, as well as in his official capacity.

9.    Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as DOES 1-50, inclusive, and therefore sues said defendants by such fictitious names. Defendants DOES 1-25 are yet-to-be-identified law enforcement officers employed by Defendant CCSF. Defendants DOES 26-50 are yet-to-be-identified final decision makers for Defendant CCSF and/or SFPD, and have authority to make final decisions about discipline, training, supervision, and development of constitutional policing. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE

defendants is legally responsible and liable for the incident, injuries, and damages hereinafter set forth.

10.     Each Defendant (unless stated otherwise, every reference to "Defendants" means each and every named Defendant and DOES 1-50, inclusive) proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, and violation of public policy. Each Defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon the agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this Complaint subject to further discovery.

11.     In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment with CCSF and or SFPD.

12.     In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

13.     Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

## ADMINISTRATIVE PREREQUISITES

14.     Plaintiff is required to comply with an administrative tort claim requirement under California law. Plaintiff filed a timely government tort claim with the City and County of San Francisco, which was rejected on or about September 26, 2024. Therefore, Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910.

## FACTUAL ALLEGATIONS

15.     On July 29, 2024, at approximately 7:00 p.m., Plaintiff, a recent domestic violence victim, had just left Office Depot located at 3700 Geary Blvd., San Francisco, CA, where she had printed out domestic violence related materials that she had received from the San Francisco District Attorney's Office. Plaintiff was wearing headphones as she walked westbound on Geary Blvd. toward 2nd Ave. At the intersection of Geary Blvd. and 2nd Ave., Plaintiff initially stopped,

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607
Tel: (510) 929 - 5400

looked both ways and then proceeded into the crosswalk to cross 2nd Ave. At the time Plaintiff entered the crosswalk, there were approximately 8 (eight) seconds left on the signal for pedestrian crossing.

16.    When Plaintiff reached the middle of the intersection, she heard someone honk their horn and looked up to see San Francisco Police Department Officer, Defendant McFall, in a police SUV in the northbound lane of 2nd Ave. Plaintiff did not hear Defendant McFall say anything, so she continued down Geary Blvd. Unbeknownst to Plaintiff, Defendant McFall recklessly drove into an oncoming lane of traffic and almost onto the curb just behind her.



17.    Oblivious to Defendant McFall's maneuvering, Ms. Porter kept walking down the street.  Undeterred, Defendant McFall was determined to contact Ms. Porter and to that end, proceeded to drive his SUV in the opposite direction of traffic along Geary Blvd.

(Remainder of page intentionally left blank).

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607
Tel: (510) 929 - 5400



Ofc. McFall's Patrol Vehicle facing opposing traffic on Geary Blvd.

18.     When Ms. Porter was approximately halfway down the block, Defendant McFall exited the police SUV and walked aggressively toward Ms. Porter and directly into her path. Surprised by the sudden and unexpected obstruction, Ms. Porter stopped, took off her headphones and asked Defendant McFall why she was being stopped. Defendant McFall did not respond to Ms. Porter's question. Instead, Defendant McFall asked her what she was doing, where she was going, and why she was going there. Concerned by Defendant McFall's conduct, Ms. Porter took out her cell phone to both record the encounter and to call her Godfather who lived nearby, so that he could come to the scene and witness what was happening. Defendant McFall then approached Ms. Porter and pulled out his mace. Ms. Porter, believing that the mace was a taser, asked for Defendant McFall's name and badge number. Defendant McFall told Ms. Porter that she was being detained. Ms. Porter's concern escalated to fear and worry for her safety.

19.     Defendant McFall asked Ms. Porter for her identification. Ms. Porter attempted to comply by reaching into her purse.  However, Defendant McFall reached for his firearm and yelled at her to "stop reaching into your bag. You are under arrest." Ms. Porter asked why she was being arrested, at which point Defendant McFall grabbed Ms. Porter and thereafter violently threw her against the wall.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607
Tel: (510) 929 - 5400

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607
Tel: (510) 929 - 5400





(Remainder of page intentionally left blank).



The momentum and force of the attack caused Ms. Porter's shoulder and head to strike the wall.

20.    In the meantime, Defendant McFall had summoned back up. Within a short time of Defendant McFall throwing Plaintiff against the wall, several yet-to-be-identified SFPD officers, Defendant DOES 1-25, arrived. Defendant DOES 1-25 surrounded Ms. Porter and assisted Defendant McFall in handcuffing Ms. Porter. Ms. Porter was screaming and she repeatedly told the officers that she was the victim of domestic violence and was involved in an open case. However, her obvious distress was ignored. Ms. Porter was handcuffed, placed in the back of a patrol car, and subsequently threatened to be taken to jail if she did not stop crying.

21.    Defendant McFall, nor Defendants DOES 1-25 (collectively referred to as "Defendant Officers"), made any reasonable efforts to bring Ms. Porter into custody without using unnecessary and excessive force, even though Plaintiff was not a threat, obeyed all lawful orders, and gave no indication that any use of force would be necessary. Instead, Defendant McFall displayed unnecessarily aggressive behavior towards Ms. Porter from the moment he first approached her. His behavior against Ms. Porter was escalated by the arrival on the scene of Defendants DOES 1-25, who, rather than make independent assessments and intervene, assisted

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607
Tel: (510) 929 - 5400

Defendant McFall in his obvious misconduct. Additionally, Defendant McFall, nor Defendants DOES 1-25, made any attempts to de-escalate the situation, employ tactics to calm the situation down, seek crisis intervention, or demonstrate any concern for Ms. Porter or public safety. Defendant Officers' conduct was so outrageous that members of the public stopped to video record the incident and loudly voice their protests against it.

22.    After Plaintiff was taken into custody, Defendant McFall spoke to the members of the public that witnessed the illegal acts committed against Plaintiff. On information and belief, Defendant McFall admitted that it was typical for him to stop someone in situations like this where the person is allegedly "jaywalking."



23.    On information and belief, neither Defendants CCSF nor Defendants DOES 26-50 disciplined Defendants McFall or DOES 1-25 as a result of this incident, despite Defendants CCSF

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607
Tel: (510) 929 - 5400

and DOES 26-50 knowing that Defendants McFall's and DOES 1-25's actions were flagrantly

unlawful, unconstitutional, and violated the official policy of SFPD. In doing so, Defendants CCSF

and DOES 26-50 made clear to all officers employed by Defendant CCSF, including Defendants

McFall and DOES 1-25, that they would not be punished nor disciplined for effecting pretextual

stops of people of color, even when SFPD officers flagrantly violate those people's rights, such as

here.

### SAN FRANCISCO POLICE DEPARTMENT POLICY AND CALIFORNIA LAW PROHIBIT USING JAYWALKING TO HARASS & DISCRIMINATE

24.     San Francisco Police Department General Order 9.07 was implemented in January

2023 "to curtail the practice of stopping vehicles for low-level traffic offenses as a pretext to

investigate hunches that do not amount to reasonable suspicion that a crime occurred.  Pretext stops

are disproportionately carried out against people of color and return negligible public safety

benefits."  A pretextual stop "occurs when a member conducts a traffic stop as a pretext to

investigate whether the person stopped is engaged in criminal activity unrelated to the traffic

violation."  San Francisco Police Department General Order 9.07.04(A)(9) prohibits San Francisco

Police Officers from stopping "a pedestrian for an infraction in violation of the California Vehicle

Code or San Francisco Transportation Code unless there is an immediate danger that the pedestrian

will crash with a moving vehicle, scooter, bicycle, or other device moving exclusively by human

power."  On information and belief, there was never an immediate danger that Plaintiff would crash

with a moving vehicle, scooter, bicycle or other device moving exclusively by human power.  On

information and belief, the SFPD has failed to adequately train its members on San Francisco Police

Department General Order 9.07 and this failure to train amounts to a deliberate indifference to the

rights of Plaintiff and others similarly situated.

25.     Assembly Bill 2147 (AB 2147), which was passed in September 2022, mandates that

an officer shall not stop a pedestrian who enters the roadway facing a steady circular red or red

arrow signal or a control signal bearing the words "don't walk" or "wait" "unless a reasonably

careful person would realize there is an immediate danger of a collision with a moving vehicle or

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607
Tel: (510) 929 - 5400

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607
Tel: (510) 929 - 5400

other device moving exclusively by human power." On information and belief, there was never an immediate danger of a collision between Plaintiff and a moving vehicle or device moving exclusively by human power. Per AB 2147's author, "[a] 2017 study in Sacramento showed Black Californians were cited for jaywalking five times more than the general population." Moreover, pretext and pedestrian stops have a "disparate impact on communities of color" and "RIPA data – which includes both pedestrian and vehicle stops – reveal that Black Californians are more than twice as likely to be searched than White Californians (though less likely to yield contraband or evidence), and at least twice as likely to be handcuffed or experience a stop involving an officer's weapon." On information and belief, the SFPD has failed to train its members on AB 2147 and this failure to train amounts to a deliberate indifference to the rights of Plaintiff and others similarly situated.

26.     According to the SFPD's most recently released data, which includes data through Quarter 1 of 2024 (January 1st through March 31st, 2024), since Quarter 4 of 2022, Black/African American individuals are stopped by SFPD Officers 5.6 to 6.9 times more than White individuals. Additionally, according to the aforementioned data, during quarter 1 of 2024, Black/African American individuals represented 42% of the total number of individuals subjected to uses of force by SFPD Officers, while White individuals represented 24% of that total.

27.     As the result of Defendant Officers' conduct, as well as Defendant CCSF's failure to discipline or adequately train its officers on San Francisco Police Department General Order 9.07 and AB2147, Ms. Porter suffered substantial injuries to her body, including but not limited to a concussion, separated shoulder, back pain, neck pain, and sciatic nerve damage in her hips. She also suffered injuries to her psyche, including a severe worsening and exacerbation of domestic violence related symptoms.

## DAMAGES

28.     As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. § 1983 and the Fourth Amendment, Plaintiff was physically, mentally, emotionally, and financially injured and damaged as a proximate result of Defendants' wrongful conduct.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607
Tel: (510) 929 - 5400

29.     Plaintiff found it necessary to engage the services of private counsel to vindicate her rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) if she is the prevailing party in this action under 42 U.S.C. §§ 1983 and 1988.

30.     The conduct of the Defendant Officers was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against Defendant Officers under 42 U.S.C. §§ 1983 and 1988.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth Amendment—Excessive Force 42 U.S.C. Section 1983)**
(*PLAINTIFF against Defendants MCFALL and DOES 1-25*)

31.     Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth herein.

32.     42 U.S.C. § 1983 provides in part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

33.     Plaintiff had a firmly established right under the Fourth Amendment to be free from official infliction of physical abuse, assault, battery, intentional infliction of emotional distress, unreasonable search and seizure, and to be free from excessive force being used against him.

34.     Defendants' actions, as described herein, resulted in the deprivation of these constitutional rights.

35.     Defendants, acting in the performance of their official duties, used excessive force against Plaintiff.

36.     On July 29, 2024, Plaintiff posed no threat to the Defendant Officers when Defendant Officers seized and used excessive force against Plaintiff.

37.     When Defendants detained, slammed and used their extremities to assault Plaintiff, Defendants did so without reasonable suspicion or probable cause. Plaintiff neither posed a threat, or committed a crime.  As such, the use of any force was unnecessary, unreasonable, excessive, and constituted excessive uses of force.

38.     Defendants, acting under the color of statute, ordinances, regulations, customs, and usages of the State, knew that the use of force in these circumstances was illegal under clearly established law.

39.     The conduct alleged herein caused Plaintiff to be deprived of her civil rights, as protected under the United States Constitution. The conduct alleged herein has also legally, proximately, foreseeably, and actually caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, humiliation, and further damages according to proof at the time of trial.

40.     The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

**(Violation of the 1st Amendment of the U.S. Constitution-Retaliatory Use of Force)**
*(PLAINTIFF against Defendants MCFALL and DOES 1-25)*

41.     Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint as fully set forth herein.

42.     At all times relevant herein, Plaintiff had a right to free speech and to protest police action, as afforded and provided by the First Amendment and protected against retaliation by the same and 42 U.S.C. § 1983.

43.     Upon information and belief, Defendants chose to use and/or used excessive force against Plaintiff in retaliation for Plaintiff's exercising her right to protest police action and record the police in a public place.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607
Tel: (510) 929 - 5400

44.     The conduct of Defendants was willful, wanton, malicious, and with reckless disregard for the rights and safety of Plaintiff.

45.     As a result of their misconduct, Defendants are liable for Plaintiff's physical, mental, and emotional injuries, either because they were integral participants in the excessive force and/or failed to intervene to prevent these violations.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.


**THIRD CAUSE OF ACTION**

**(Supervisory and Municipal Liability for Unconstitutional Custom or Policy (Monell) – 42 U.S.C. § 1983)**

(*PLAINTIFF against Defendants CCSF and DOES 26-50*)

46.     Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint as fully set forth.

47.     Defendant McFall and other SFPD officers unlawfully detained, arrested and used excessive force against Plaintiff for allegedly "jaywalking," in clear violation of Assembly Bill 2147-"The Freedom to Walk Act" (AB 2147) and San Francisco Police Department General Order 9.07.

48.     After Plaintiff was taken into custody, Defendant McFall spoke to the members of the public that witnessed the illegal acts committed against Plaintiff. Defendant McFall admitted that it was typical for him to stop someone in situations like this where the person is allegedly "jaywalking."

49.     Plaintiff is informed and believes and therein alleges that Defendant CCSF has failed to train its officers on AB 2147 and San Francisco Police Department General Order 9.07.

50.     Plaintiff is informed and believes and therein alleges that Defendant CCSF's Police Department exhibits a pattern and practice of wrongfully detaining and arresting citizens, particularly Black citizens, in violation of Assembly Bill 2147 and San Francisco Police Department General Order 9.07.

51.     Plaintiff is informed and believes and therein alleges that Defendant CCSF's Police Department exhibits a pattern and practice of using excessive force against citizens, particularly Black citizens, in violation of the United States Constitution's 4th Amendment.

52.     Plaintiff is informed and believes and therein alleges that as a result of this lack of training, Defendant CCSF's Police Department exhibits a pattern and practice of wrongfully detaining and/or arresting individuals, particularly those who are readily recognizable as Black, in violation of Assembly Bill 2147 and San Francisco Police Department General Order 9.07 and then using excessive force against its citizens, and despite these incidents, none of the Officers are ever subject to remedial training and/or ever found in violation of departmental policy or disciplined, even under the most questionable of circumstances.  Defendant CCSF's failure to train, discipline, or retrain the Defendant Officers is evidence of an official policy, entrenched culture and posture of deliberate indifference toward protecting citizen's rights and the resulting injuries is a proximate result of Defendant CCSF's Police Department's failure to properly supervise its Officers, as well as ratification of their unconstitutional conduct.

53.     Per Defendant CCSF's Police Department's own data, SFPD officers stopped Black people at six times the rate of white people, searched them more than 10 times the rate of white people and used force on Black people at more than 21 times the rate of white individuals.[1]

54.     Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants and each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers. Defendant Officers unlawfully detained, unlawfully arrested, and unlawfully used force against Plaintiff for allegedly "jaywalking."

55.     Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants and each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of Plaintiff's rights as alleged herein.

---

[1] https://www.cbsnews.com/sanfrancisco/news/san-francisco-police-commission-votes-to-implement-policy-against-racially-biased-police-stops/

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607
Tel: (510) 929 - 5400

56.    As against Defendant CCSF and DOES 1-50 in his/their capacity as police officer(s) for CCSF, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CCSF Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens. This is reinforced by the fact that the officers involved in this incident have not been disciplined and/or re-trained.

57.    The unconstitutional actions and/or omissions of Defendants McFall and DOES 1-25, as well as other officers employed by or acting on behalf of Defendant CCSF, on information and belief were pursuant to the following customs, policies, practices, and/or procedures of the CCSF Police Department or as stated in the alternative, were directed, encouraged, allowed, and/or ratified by DOES 26-50, policy making officers for CCSF:

    a.    To cover up violations of constitutional rights by any or all of the following:

        i.    By failing to properly investigate and/or evaluate complaints or incidents of unlawful detentions and/or arrests;

        ii.    By failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force;

        iii.    By ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity.

    b.    To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department;

    c.    To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.;

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607
Tel: (510) 929 - 5400

d.  To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint, with deliberate indifference to the rights and safety of Plaintiff and the public, and in the face of an obvious need for such policies, procedures, and training programs to prevent recurring and foreseeable violations of the rights of the type described herein.

58.    Defendants CCSF and DOES 26-50 failed to properly train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendant McFall, Defendant DOES 1-25, and other SFPD personnel, with deliberate indifference to Plaintiff's constitutional rights.  Plaintiff's rights were thereby violated as a result of the deliberate indifference as described above.

59.    The unconstitutional actions and/or omissions of Defendant DOES 1-25, and other SFPD personnel, as described above, were approved, tolerated and/or ratified by policy-making officer for the SFPD.  Plaintiff is informed and believes and thereon alleges, the details of this incident have been revealed to the authorized policy makers within CCSF and the SFPD, and that such policy makers have direct knowledge of the fact that the detention, arrest and use of force on Plaintiff were not justified, but rather represented an unconstitutional detention, arrest and use of force.  Notwithstanding this knowledge, the authorized policy makers within CCSF and SFPD have approved the Defendants detention, arrest and use of force on Plaintiff and have made a deliberate choice to endorse the detention, arrest and use of force on Plaintiff (and the basis for said detention, arrest and use of force).  By doing so, DOES 26-50, the authorized policy makers within CCSF and the SFPD, have shown affirmative agreement with the actions of Defendants McFall and DOES 1-25 and have ratified their unconstitutional acts.

60.    The aforementioned customs, practices, and procedures, the failure to properly and adequately train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendant CCSF and DOES 26-50 were a moving force and/or a proximate cause of the deprivation of

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607
Tel: (510) 929 - 5400

Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth in the applicable causes of action.

61.    Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

62.    As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants CCSF and DOES 26-50 as described above, Plaintiff sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorneys' fees as set forth in this Complaint.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
**(Fourth Amendment —Unlawful Seizure/Detention/Arrest under 42 U.S.C. § 1983)**
*(PLAINTIFF against Defendants MCFALL and DOES 1-25)*

63.    Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint as fully set forth herein.

64.    Defendants' above-described conduct violated Plaintiff's rights as provided for under the Fourth Amendment to the United States to be free from unreasonable searches and seizures because Defendants lacked both the requisite reasonable suspicion to detain and the probable cause to arrest Plaintiff.

65.    Furthermore, Plaintiff had not committed any crimes, nor did she pose a threat to the Defendants and/or the public.  At no point prior to the Defendants' actions, did Plaintiff initiate physical contact with Defendants.

66.    Defendants' use of force, described herein, was excessive because it was not objectively reasonable in light of the facts and circumstances confronting Defendants.

67.    Therefore, Defendants' use of force, detention and arrest of Plaintiff was an unlawful seizure that violated training and Plaintiff's constitutional rights under the Fourth Amendment.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607
Tel: (510) 929 - 5400

68.     As a result of their misconduct, Defendants are liable for Plaintiff's injuries and imprisonment.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(NEGLIGENCE)**
(*PLAINTIFF against Defendants MCFALL, CCSF and DOES 1-25*)

69.     Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth herein.

70.     At all times, Defendants owed Plaintiff a duty to act with reasonable care in executing and enforcing any right, law, or legal obligation.

71.     The general duties of reasonable care and due care owed to Plaintiff by Defendants include but are not limited to the following specific obligations:

   a.   To refrain from using unreasonable force;

   b.   To refrain from unlawful searches and seizures;

   c.   To refrain from performing false detentions and arrests;

   d.   To refrain from abusing the authority granted them by law;

   e.   To refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and otherwise protected by law.

72.     Defendants breached every one of the aforementioned duties owed to Plaintiff through their acts and omissions.

73.     Defendant CCSF is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code § 815.2.

74.     As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth herein.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607
Tel: (510) 929 - 5400

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607
Tel: (510) 929 - 5400

# SIXTH CAUSE OF ACTION

## (Battery – Violation of CALIFORNIA PENAL CODE § 242)
*(PLAINTIFF against Defendants MCFALL, CCSF and DOES 1-25)*

75.     Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth herein.

76.     Defendants, while working as law enforcement employees for Defendant CCSF, and acting within the course and scope of their duties, intentionally injured Plaintiff without a lawful basis.

77.     At no point did Plaintiff consent to Defendants' conduct described herein.

78.     A reasonable person in the same position as Plaintiff would have been offended by Defendants' conduct described herein.

79.     As a result of the actions of the Defendants, Plaintiff suffered physical injury. Defendants did not have legal justification for using force against Plaintiff, and Defendants' use of force while carrying out their duties was an unreasonable use of force.

80.     Defendant CCSF is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

81.     As a direct and proximate result of Defendants' battery of Plaintiff, Plaintiff sustained injury and damages, and is entitled to relief as set forth herein,

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

# SEVENTH CAUSE OF ACTION

## (Violation of the Bane Act (Cal. Civ. Code § 52.1)
*(Plaintiff against Defendant MCFALL, and DOES 1-25)*

82.     Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint as fully set forth herein.

83.     Plaintiff brings this "Bane Act" claim individually for direct violation of her rights.

84.    By their conduct described herein, Defendants, acting in concert/conspiracy, violated Plaintiff's rights under California Civil Code § 52.1 and the following clearly-established rights under the United States Constitution and the California Constitution:

      f.    Plaintiff's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by Article I., § 13 of the California Constitution;

      g.    Plaintiff's right to be free from the excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States Constitution and by Article I, § 13 of the California Constitution;

      h.    Plaintiff's right to assemble and to free speech as secured by the First Amendment to the United States Constitution and by Article I, § 13 of the California Constitution;

85.    Excessive force violates the Fourth Amendment and violates the Bane Act. Defendants' use of unlawful force against Plaintiff satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

86.    Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act. All Defendants' duties and rights violations were volitional and intentional acts done with reckless disregard for Plaintiff's rights; none was accidental or merely negligent.

87.    Alternatively, Defendants violated Plaintiff's rights by conduct constituting threats, intimidation, or coercion that was above and beyond any lawful seizure or use of force.

      i.    Threatening Plaintiff in the absence of any threat presented by Plaintiff or any justification whatsoever;

      j.    Using deliberately reckless and provocative tactics to apprehend Plaintiff in violation of generally accepted law enforcement training and standards and violation of Plaintiff's rights;

      k.    Defendants physically accosting Plaintiff in the absence of any threat or need for such force;

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607
Tel: (510) 929 - 5400

l.  Threatening violence against Plaintiff, with the apparent ability to carry out such threats, in violation of Cal. Civ. Code § 52.1;

m.  Using excessive, unreasonable, and unjustified force against Plaintiff while she attempted to comply with officers;

n.  Failing to intervene to stop, prevent, or report the unlawful seizure and use of excessive and unreasonable force by other officers;

o.  Violating multiple rights of Plaintiff;

p.  Arresting Plaintiff for no reason.

88.    As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages against all Defendants and is entitled to relief as set forth herein.

89.    Plaintiff is entitled to injunctive relief and an award of her reasonable attorneys' fees pursuant to Civil Code § 52.1(h).

90.    Plaintiff is entitled to damages, including punitive damages against Defendants and all damages allowed by Cal. Civ. Code §§ 52, 52.1 and California law, not limited to costs, attorney's fees, treble damages, and civil penalties.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION

**(False Imprisonment/False Arrest)**
(*PLAINTIFF against Defendants MCFALL, CCSF and DOES 1-25*)

91.    Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint as fully set forth herein.

92.    Defendants detained and assaulted Plaintiff without just cause and under false pretenses.  Defendants restrained, detained, and/or confined Plaintiff without her consent or a lawful basis for a significant period of time.

93.    As a result of Defendants' unlawful confinement, Plaintiff suffered emotional distress and physical injury.

94.    Defendant CCSF is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## **JURY DEMAND**

95.    Plaintiff hereby demands a jury trial in this action.

## **PRAYER**

Wherefore, Plaintiff prays for relief as follows:

1.    For general damages in a sum proven at trial;

2.    For special damages, including but not limited to past, present, and/or future wage loss, income, and support, medical expenses, and other special damages in a sum to be determined according to proof;

3.    For punitive damages against Defendants McFall and DOES 1-25 in a sum according to proof;

4.    All other damages, penalties, costs, interest, and attorney's fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Civ. Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law against Defendant CCSF and its employees;

5.    Any and all permissible statutory damages;

6.    For the cost of suit herein incurred; and

7.    For such other and further relief as the Court deems just and proper.

Dated:  March 3, 2025                POINTER & BUELNA, LLP
                                     LAWYERS FOR THE PEOPLE

                                     /s/ *Treva R. Stewart*
                                     TREVA R. STEWART
                                     Attorneys for PLAINTIFF

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607
Tel: (510) 929 - 5400