DAVID CHIU, State Bar #189542
City Attorney
JENNIFER CHOI, State Bar #184058
Chief Trial Deputy
AARON I. WIENER, State Bar #347169
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3952
Facsimile:     (415) 554-3837
E-Mail:        Aaron.Wiener@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIANA PORTER, an individual,<br><br>   Plaintiff,<br><br>   vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; JOSH MCFALL, in his individual capacity, as a law enforcement officer for the San Francisco Police Department; and DOES 1-50 inclusive.<br><br>   Defendants. | Case No. 3:25-cv-02155-SK<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL** |

Defendant City and County of San Francisco ("City") hereby answers Plaintiff's Complaint (Dkt. No. 1) as follows:

**INTRODUCTION**

1. The City admits that Plaintiff purports to proceed on claims of unlawful detention, excessive use of force, and unlawful arrest arising out of an incident on July 29, 2024, and denies the remainder of the allegations contained in Paragraph 1 of the Complaint.

///

2. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2 of the Complaint.

3. The City admits that Plaintiff purports to proceed pursuant to 42 U.S.C. § 1983, that she invokes this Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1343, and that the acts complained of occurred in the City and County of San Francisco. The City denies the remainder of the allegations contained in Paragraph 3 of the Complaint.

4. The City admits that Plaintiff invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367, and denies the remainder of the allegations contained in Paragraph 4 of the Complaint.

5. The City admits that it is located in the City and County of San Francisco, admits that venue is proper in this district, and denies the remainder of the allegations contained in Paragraph 5 of the Complaint.

6. The City lacks knowledge or information sufficient to form a belief about the truth of the matters contained in Paragraph 6 of the Complaint.[1]

7. The City admits that it is a public entity organized as a consolidated City and County under its Charter and the laws of the State of California, admits that the San Francisco Police Department is a department of the City, and denies the remainder of the allegations contained in Paragraph 7 of the Complaint.

8. The City admits that at the time of the incidents described in the Complaint, Defendant Officer Josh McFall ("Officer McFall") was employed by the City as a police officer, admits that Plaintiff purports to sue Officer McFall in his individual and official capacities, and denies the remainder of the allegations contained in Paragraph 8 of the Complaint.

9. The City admits that Plaintiff purports to proceed against unidentified "DOE" defendants, and denies the remainder of the allegations contained in Paragraph 9 of the Complaint.

10. The City denies the allegations contained in Paragraph 10 of the Complaint.

---

[1] Photographs appear in the Complaint between Paragraphs 6 and 7 of the Complaint without explanation. To the extent they were included to illustrate Plaintiff's appearance, and to the extent a response is necessary, the City denies that the photographs depict Plaintiff's appearance on the date of incident.

11. The contention in Paragraph 11 of the Complaint, that acts were performed by individuals within the course and scope of employment, is a legal conclusion that does not warrant a response. The City lacks knowledge or information sufficient to form a belief about the truth of the factual allegations, if any, contained in Paragraph 11 of the Complaint.

12. The contention in Paragraph 12 of the Complaint, that acts were performed by individuals under color of authority and/or color of law, is a legal conclusion that does not warrant a response. The City lacks knowledge or information sufficient to form a belief about the truth of the factual allegations, if any, contained in Paragraph 12 of the Complaint.

13. The City admits that at the time of the incident, Officer McFall was an employee of the City, and was employed as a police officer. The City lacks knowledge or information sufficient to form a belief about the truth of the remainder of the factual allegations contained in Paragraph 13 of the Complaint.

## ADMINISTRATIVE PREREQUISITES

14. The City admits that Plaintiff, through her attorneys, presented a document entitled "Government Claim" to the City, which was denied on or about September 26, 2024, and denies the remainder of the allegations contained in Paragraph 14 of the Complaint.

## FACTUAL ALLEGATIONS

15. The City lacks knowledge or information sufficient to form a belief about the truth of the first sentence of Paragraph 15 of the Complaint. The City admits that Plaintiff was wearing what appeared to be headphones at the time she crossed Second Avenue at Geary Boulevard, as alleged in the second sentence of Paragraph 15 of the Complaint. The City admits that Plaintiff proceeded into the crosswalk across Second Avenue at Geary Boulevard, and lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in the third sentence of Paragraph 15 of the Complaint. The City lacks knowledge or information sufficient to form a belief about the truth of the fourth sentence contained in Paragraph 15 of the Complaint.

16. The City admits that at the time of the incident, Officer McFall was driving a marked police SUV, and lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in the first sentence of Paragraph 16 of the Complaint. The City

admits Plaintiff continued to walk along Geary Boulevard after crossing Second Avenue, and lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in the second sentence of Paragraph 16 of the Complaint. The City lacks knowledge or information sufficient to form a belief about the truth of the matters contained in the third sentence of Paragraph 16 of the Complaint.[2]

17. The City admits Plaintiff continued to walk along Geary Boulevard after crossing Second Avenue, and lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in the first sentence of Paragraph 17 of the Complaint. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the second sentence of Paragraph 17 of the Complaint.[3]

18. The City admits that at some point during the incident, Officer McFall exited the police vehicle he was driving and subsequently spoke with Plaintiff, and lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 18 of the Complaint.

19. The City admits that at some point during the incident, Officer McFall informed Plaintiff she was under arrest, and lacks knowledge or information sufficient to form a belief about the truth of the matters contained in Paragraph 19 of the Complaint.[4]

20. The City admits that at some point during the incident, Officer McFall transmitted a request that additional officers respond, that additional officers did respond, that Plaintiff was handcuffed and placed into a police vehicle, and lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 20 of the Complaint.

---

[2] A photograph appears between Paragraphs 16 and 17 of the Complaint without explanation. To the extent the photograph was included to depict a portion of the incident, and to the extent a response is necessary, the City denies that the photograph is a true and accurate copy of any evidence.

[3] A photograph appears between Paragraphs 17 and 18 of the Complaint with the caption "Ofc. McFall's Patrol Vehicle facing opposing traffic on Geary Blvd." To the extent the photograph was included to depict a portion of the incident, and to the extent a response is necessary, the City denies that the photograph is a true and accurate copy of any evidence.

[4] Photographs appear before the last sentence of Paragraph 19 the Complaint without explanation. To the extent the photographs were included to depict a portion of the incident, and to the extent a response is necessary, the City denies that the photographs are true and accurate copies of any evidence.

21. The City admits that at least one member of the public recorded a video depicting a portion of the incident, and lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 21 of the Complaint.

22. The City admits that at some point during the incident, Officer McFall spoke with members of the public, and lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 22 of the Complaint.

23. The City lacks knowledge or information sufficient to form a belief about the truth of the matters contained in Paragraph 23 of the Complaint.

24. The City denies the allegations contained in the first sentence of Paragraph 24 of the Complaint, and respectfully refers the Court to San Francisco Police Department General Order 9.07 and the complete legislative history underlying its implementation for a full and complete statement of their contents and the reasons General Order 9.07 was enacted. The City denies the allegations contained in the second and third sentences of Paragraph 24 of the Complaint, and respectfully refers the Court to General Order 9.07 for a full and complete statement of its contents. The City lacks knowledge or information sufficient to form a belief about the truth of the matters contained in the fourth sentence of Paragraph 24 of the Complaint. The City denies the allegations contained in the fifth sentence of Paragraph 24 of the Complaint.

25. The City denies the allegations contained in the first, second, and third sentences of Paragraph 25 of the Complaint, and respectfully refers the Court to Assembly Bill 2147, including its entire legislative history, for a full and complete statement of their contents. The City denies the allegations contained in the fourth sentence of Paragraph 25 of the Complaint.

26. The City denies the allegations contained in Paragraph 26 of the Complaint.

27. The City denies that it has failed to adequately discipline or train its officers, and lacks knowledge or information sufficient to form a belief about the truth of the remainder of the matters contained in Paragraph 27 of the Complaint.

28. The City denies the allegations contained in Paragraph 28 of the Complaint, and denies that it is liable to Plaintiff in any respect.

29. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding why Plaintiff retained counsel as alleged in Paragraph 29 of the Complaint. The contention in Paragraph 29 of the Complaint, that Plaintiff is entitled to remedies under 42 U.S.C. §§ 1983 and 1988 is a legal conclusion that does not warrant a response. The City denies the remainder of the factual allegations, if any, contained in Paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint does not appear to concern the City, which therefore has no obligation to respond. To the extent a response is required, the City denies the allegations contained in Paragraph 30 of the Complaint.

## CAUSES OF ACTION
## FIRST CAUSE OF ACTION
### (Fourth Amendment—Excessive Force 42 U.S.C. Section 1983)

31. In response to Paragraph 31, the City incorporates its responses to Paragraphs 1 through 30 of the Complaint here as if stated in full.

32. Plaintiff's First Cause of Action is not asserted against the City, and Paragraph 32 of the Complaint does not appear to concern actions taken by the City, which therefore has no obligation to respond. To the extent a response is required, the City denies the allegations contained in Paragraph 32 of the Complaint, and respectfully refers the Court to 42 U.S.C. § 1983 for a full and complete statement of its contents.

33. Plaintiff's First Cause of Action is not asserted against the City, and Paragraph 33 of the Complaint does not appear to concern actions taken by the City, which therefore has no obligation to respond. To the extent a response is required, the City denies the allegations contained in Paragraph 33 of the Complaint, and respectfully refers the Court to the Fourth Amendment to the United States Constitution and other applicable authorities concerning firmly established rights for a full and complete statement of the law.

34. Plaintiff's First Cause of Action is not asserted against the City. To the extent Paragraph 34 of the Complaint concerns actions taken by the City, it denies that it has deprived Plaintiff of any constitutional rights, and denies that it is liable to Plaintiff in any respect.

35. Plaintiff's First Cause of Action is not asserted against the City. To the extent Paragraph 35 of the Complaint concerns the City, as a public entity, it denies that it is capable of using force, and denies that it is liable to Plaintiff in any respect.

36. Plaintiff's First Cause of Action is not asserted against the City, and Paragraph 36 of the Complaint does not appear to concern actions taken by the City, which therefore has no obligation to respond. To the extent a response is required, the City denies the allegations contained in Paragraph 36 of the Complaint, and denies that it is liable to Plaintiff in any respect.

37. Plaintiff's First Cause of Action is not asserted against the City, and Paragraph 37 of the Complaint does not appear to concern actions taken by the City, which therefore has no obligation to respond. To the extent a response is required, the City denies the allegations contained in Paragraph 37 of the Complaint, and denies that it is liable to Plaintiff in any respect.

38. Plaintiff's First Cause of Action is not asserted against the City, and Paragraph 38 of the Complaint does not appear to concern actions taken by the City, which therefore has no obligation to respond. To the extent a response is required, the City denies the allegations contained in Paragraph 38 of the Complaint, and denies that it is liable to Plaintiff in any respect.

39. Plaintiff's First Cause of Action is not asserted against the City, and Paragraph 39 of the Complaint does not appear to concern actions taken by the City, which therefore has no obligation to respond. To the extent a response is required, the City denies the allegations contained in Paragraph 39 of the Complaint, and denies that it is liable to Plaintiff in any respect.

40. Plaintiff's First Cause of Action is not asserted against the City, and Paragraph 40 of the Complaint does not appear to concern actions taken by the City, which therefore has no obligation to respond. To the extent a response is required, the City denies the allegations contained in Paragraph 40 of the Complaint, and denies that it is liable to Plaintiff in any respect.

**SECOND CAUSE OF ACTION**
**(Violation of the 1st Amendment of the U.S. Constitution-Retaliatory Use of Force)**

41. In response to Paragraph 41, the City incorporates its responses to Paragraphs 1 through 40 of the Complaint here as if stated in full.

42. Plaintiff's Second Cause of Action is not asserted against the City, and Paragraph 42 of the Complaint does not appear to concern actions taken by the City, which therefore has no obligation to respond. To the extent a response is required, the City denies the allegations contained in Paragraph 42 of the Complaint, and respectfully refers the Court to the First Amendment to the United States Constitution and other applicable authorities concerning constitutional rights for a full and complete statement of the law.

43. Plaintiff's Second Cause of Action is not asserted against the City, and Paragraph 43 of the Complaint does not appear to concern actions taken by the City, which therefore has no obligation to respond. To the extent a response is required, the City denies the allegations contained in Paragraph 43 of the Complaint, and denies that it is liable to Plaintiff in any respect.

44. Plaintiff's Second Cause of Action is not asserted against the City, and Paragraph 44 of the Complaint does not appear to concern actions taken by the City, which therefore has no obligation to respond. To the extent a response is required, the City denies the allegations contained in Paragraph 44 of the Complaint, and denies that it is liable to Plaintiff in any respect.

45. Plaintiff's Second Cause of Action is not asserted against the City, and Paragraph 45 of the Complaint does not appear to concern actions taken by the City, which therefore has no obligation to respond. To the extent a response is required, the City denies the allegations contained in Paragraph 45 of the Complaint, and denies that it is liable to Plaintiff in any respect.

### THIRD CAUSE OF ACTION
**(Supervisory and Municipal Liability for Unconstitutional Custom or Policy (Monell) – 42 U.S.C. § 1983)**

46. In response to Paragraph 46, the City incorporates its responses to Paragraphs 1 through 45 of the Complaint here as if stated in full.

47. Paragraph 47 does not appear to concern actions taken by the City, which therefore has no obligation to respond. The City lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 47 of the Complaint, and denies that it is liable to Plaintiff in any respect.

Def. CCSF Answer　　　　　　　　　　　　8　　　　　　　　　　　n:\lit\li2025\250131\01836675.docx
Case No.: 3:25-cv-02155-SK

48. The City admits that at some point during the incident, Officer McFall spoke with members of the public, lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 48 of the Complaint, and denies that it is liable to Plaintiff in any respect.

49. The City denies the allegations contained in Paragraph 49 of the Complaint.

50. The City denies the allegations contained in Paragraph 50 of the Complaint.

51. The City denies the allegations contained in Paragraph 51 of the Complaint.

52. The City denies the allegations contained in Paragraph 52 of the Complaint.

53. The City denies the allegations contained in Paragraph 53 of the Complaint.

54. The City denies the allegations contained in Paragraph 54 of the Complaint.

55. The City denies the allegations contained in Paragraph 55 of the Complaint.

56. The City denies the allegations contained in Paragraph 56 of the Complaint.

57. The City denies the allegations contained in Paragraph 57 of the Complaint.

58. The City denies the allegations contained in Paragraph 58 of the Complaint.

59. The City denies the allegations contained in Paragraph 59 of the Complaint.

60. The City denies the allegations contained in Paragraph 60 of the Complaint.

61. The City denies the allegations contained in Paragraph 61 of the Complaint.

62. The City denies the allegations contained in Paragraph 62 of the Complaint.

## FOURTH CAUSE OF ACTION
**(Fourth Amendment—Unlawful Seizure/Detention/Arrest under 42 U.S.C. § 1983)**

63. In response to Paragraph 63, the City incorporates its responses to Paragraphs 1 through 62 of the Complaint here as if stated in full.

64. Plaintiff's Fourth Cause of Action is not asserted against the City, and Paragraph 64 of the Complaint does not appear to concern actions taken by the City, which therefore has no obligation to respond. To the extent a response is required, the City denies the allegations contained in Paragraph 64 of the Complaint, and respectfully refers the Court to the Fourth Amendment to the United States Constitution and other applicable authorities concerning Plaintiff's rights for a full and complete statement of the law.

65. Plaintiff's Fourth Cause of Action is not asserted against the City, and Paragraph 65 of the Complaint does not appear to concern actions taken by the City, which therefore has no obligation to respond. To the extent a response is required, the City lacks knowledge or information sufficient to form a belief about the truth of the matters contained in Paragraph 65 of the Complaint, and denies that it is liable to Plaintiff in any respect.

66. Plaintiff's Fourth Cause of Action is not asserted against the City, and Paragraph 66 of the Complaint does not appear to concern actions taken by the City, which therefore has no obligation to respond. To the extent a response is required, the City lacks knowledge or information sufficient to form a belief about the truth of the matters contained in Paragraph 66 of the Complaint, and denies that it is liable to Plaintiff in any respect.

67. Plaintiff's Fourth Cause of Action is not asserted against the City, and Paragraph 67 of the Complaint does not appear to concern actions taken by the City, which therefore has no obligation to respond. To the extent a response is required, the City lacks knowledge or information sufficient to form a belief about the truth of the matters contained in Paragraph 67 of the Complaint, and respectfully refers the Court to the Fourth Amendment to the United States Constitution and other applicable authorities concerning Plaintiff's rights for a full and complete statement of the law.

68. Plaintiff's Fourth Cause of Action is not asserted against the City, and Paragraph 68 of the Complaint does not appear to concern actions taken by the City, which therefore has no obligation to respond. To the extent a response is required, the City denies that it is liable to Plaintiff in any respect.

**FIFTH CAUSE OF ACTION**
**(NEGLIGENCE)**

69. In response to Paragraph 69, the City incorporates its responses to Paragraphs 1 through 68 of the Complaint here as if stated in full.

70. The contention in Paragraph 70 of the Complaint, that the City owed Plaintiff any duties under the law, is a legal conclusion that does not warrant a response. To the extent Paragraph 70 of the Complaint contains factual allegations, the City denies it owed Plaintiff any duties with respect to the incidents giving rise to her fifth cause of action.

71.     The contention in Paragraph 71 of the Complaint, that the City owed Plaintiff any duties under the law, is a legal conclusion that does not warrant a response. To the extent Paragraph 71 of the Complaint contains factual allegations, the City denies it owed Plaintiff any duties with respect to the incidents giving rise to her fifth cause of action.

72.     The City denies the allegations contained in Paragraph 72 of the Complaint.

73.     The City denies the allegations contained in Paragraph 73 of the Complaint.

74.     The City denies the allegations contained in Paragraph 74 of the Complaint.

## SIXTH CAUSE OF ACTION
### (Battery—Violation of CALIFORNIA PENAL CODE § 242)

75.     In response to Paragraph 75, the City incorporates its responses to Paragraphs 1 through 74 of the Complaint here as if stated in full.

76.     The contention in Paragraph 76 of the Complaint, that acts were performed by individuals within the course and scope of employment, is a legal conclusion that does not warrant a response. The City lacks knowledge or information sufficient to form a belief about the truth of the factual allegations, contained in Paragraph 76 of the Complaint.

77.     The City lacks knowledge or information sufficient to form a belief about the truth of the matters contained in Paragraph 77 of the Complaint.

78.     The City lacks knowledge or information sufficient to form a belief about the truth of the matters contained in Paragraph 78 of the Complaint.

79.     The contention in Paragraph 79 that acts were performed by individuals within the course and scope of employment, is a legal conclusion that does not warrant a response. The City, as a public entity, denies that it is capable of using force, and lacks knowledge or information sufficient to form a belief about the truth of the remainder of the factual allegations contained in Paragraph 79 of the Complaint.

80.     The City denies the allegations contained in Paragraph 80 of the Complaint.

81.     The City lacks knowledge or information sufficient to form a belief about the truth of the matters contained in Paragraph 81 of the Complaint.

## SEVENTH CAUSE OF ACTION
## (Violation of the Bane Act (Cal. Civ. Code § 52.1))

82. In response to Paragraph 82, the City incorporates its responses to Paragraphs 1 through 81 of the Complaint here as if stated in full.

83. The City admits that Plaintiff purports to raise a claim pursuant to California's Bane Act.

84. The City denies the allegations contained in Paragraph 84 of the Complaint.

85. The contention in Paragraph 85 that certain acts violate the Fourth Amendment to the United States Constitution and California Civil Code 52.1 is a legal conclusion that does not warrant a response. To the extent Paragraph 85 of the Complaint contains any factual allegations, the City denies the allegations, and denies it is liable to Plaintiff in any respect.

86. The contention in Paragraph 86 regarding which acts violate the Bane Act is a legal conclusion that does not warrant a response. To the extent Paragraph 86 of the Complaint contains any factual allegations, the City denies the allegations, and denies it is liable to Plaintiff in any respect.

87. The City, as a public entity, denies that it is capable of using force, and lacks knowledge or information sufficient to form a belief about the truth of the remainder of the factual allegations contained in Paragraph 87 of the Complaint.

88. The City denies the allegations contained in Paragraph 88 of the Complaint.

89. The City denies the allegations contained in Paragraph 89 of the Complaint.

90. The City denies the allegations contained in Paragraph 90 of the Complaint.

## EIGHTH CAUSE OF ACTION
## (False Imprisonment/False Arrest)

91. In response to Paragraph 91, the City incorporates its responses to Paragraphs 1 through 90 of the Complaint here as if stated in full.

92. The City, as a public entity, denies that it is capable of performing any of the actions described in Paragraph 92 of the Complaint, and denies that it is liable to Plaintiff in any respect.

93. The City lacks knowledge or information sufficient to form a belief about the truth of the matters contained in Paragraph 93 of the Complaint.

94. The City denies the allegations contained in Paragraph 94 of the Complaint.

## JURY DEMAND

95. The City demands a jury trial on all causes of action asserted against it.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state facts sufficient to constitute any cause of action against the City.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's causes of action against the City are barred, or recovery is reduced, due to Plaintiff's failure to use reasonable diligence to mitigate her alleged damages.

### THIRD AFFIRMATIVE DEFENSE

At all times mentioned in the Complaint, the City did not act with malice or bad faith, in reckless disregard, or in an oppressive or willful manner, not did it intend to harm or deprive Plaintiff of any rights.

### FOURTH AFFIRMATIVE DEFENSE

At all times mentioned in the Complaint, Plaintiff acted in a careless, reckless, wanton, and negligent manner in and about the matters set forth in the Complaint, and such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by Plaintiff, and as a result her causes of action against the City are barred.

### FIFTH AFFIRMATIVE DEFENSE

The City alleges that Plaintiff violated certain provisions of the California Penal Code or Vehicle Code, and that she voluntarily assumed all risks, responsibility and liability for the injuries which were the natural and probable result of violating these laws.

### SIXTH AFFIRMATIVE DEFENSE

The City alleges that any actions it took or failed to take were not the actual or proximate cause of Plaintiff's injuries, if any.

### SEVENTH AFFIRMATIVE DEFENSE

The City alleges the Complaint fails to state a federal civil rights claim against the City under the doctrine announced in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

**EIGHTH AFFIRMATIVE DEFENSE**

The City alleges by way of a plea of comparative negligence that Plaintiff was negligent in and about the matters and activities alleged in the Complaint; that Plaintiff's negligence contributed to and was a proximate cause of Plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if Plaintiff is entitled to recover damages against the City by virtue of the Complaint, the City prays that the recovery be diminished or extinguished by reason of the negligence of the Plaintiff in proportion to the degree of fault attributable to the Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

The City alleges that it is immune from liability under any applicable provision of the California Government Code.

**ADDITIONAL AFFIRMATIVE DEFENSES**

The City presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. The City reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, the City prays for judgment as follows:

1. That Plaintiff take nothing from the City;
2. That the Complaint be dismissed with prejudice;
3. That the City recover its costs of suit herein, including attorneys' fees; and,
4. For such other relief as is just and proper.

Dated: April 25, 2025

                    DAVID CHIU
                    City Attorney
                    JENNIFER CHOI
                    Chief Trial Deputy
                    AARON I. WIENER
                    Deputy City Attorney

By: */s/ Aaron I. Wiener*
      AARON I. WIENER

Attorneys for Defendant
CITY AND COUNTY OF SAN FRAN1SCO