Kevin J. Holl, SBN 124830
Terry M. Finck, SBN 325334
**GORDON-CREED, KELLEY,**
**HOLL & SUGERMAN, LLP**
50 California Street, 34th Floor
San Francisco, California 94111
Telephone: (415) 421-3100
Facsimile: (415) 421-3150
Email: holl@gkhs.com
         finck@gkhs.com

Attorneys for Defendant
JOSHUA McFALL

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIANA PORTER, an individual;<br><br>            Plaintiff,<br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; JOSH MCFALL, in his individual capacity as a law enforcement officer for the San Francisco Police Department; and DOES 1- 50, inclusive.<br><br>            Defendants | Case No.: 3:25-cv-02155-SK<br><br>**DEFENDANT JOSHUA MCFALL'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Joshua McFall, by and through undersigned counsel, hereby answers and asserts defenses to the Complaint (Dkt. No. 1) filed in the above-captioned matter by Plaintiff Christiana Porter.

**PRELIMINARY STATEMENTS**

The following statements are incorporated by reference into Defendant's responses to each paragraph of the Complaint:

A. Except to the extent expressly admitted herein, Defendant denies each and every allegation of the Complaint including, without limitation, any allegations in the numbered paragraphs, headings, and subheadings within the Complaint.

B. The Complaint fails to comply with the Federal Rule of Procedure 10(b) because each numbered paragraph in the Complaint is not "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

C. Where allegations are made against "Defendants" as a group, however described, Defendant's response applies to himself only.

D. Defendant does not concede or accept the statements, interpretations, or conclusions of law presented in the Complaint.

## INTRODUCTION[1]

1. Defendant denies the allegations of Paragraph 1.

2. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in Paragraph 2 and, on that basis, denies them.

## JURISDICTION

3. Defendant admits that Title 28 of the United States Code (U.S.C.), §§ 1331 and 1343, confers jurisdiction upon this Court. Defendant admits that a substantial part of the events giving rise to the Complaint occurred in this judicial district and that venue is proper. Defendant denies that those alleged acts and practices were unlawful.

4. Defendant admits that supplemental jurisdiction is proper.

5. Defendant admits that venue is proper.

## PARTIES

6. Defendant admits Plaintiff is recognizable as Black. As to the remainder of the allegations of Paragraph 6, Defendant lacks sufficient knowledge or information to form a belief regarding these allegations and, on that basis, denies them.

---

[1] For the Court's convenience, Defendants have generally incorporated the headings appearing in the Complaint. Incorporation is not intended to indicate acquiescence or admission.

7. Defendant admits that Defendant CITY AND COUNTY OF SAN FRANCISCO ("CCSF") is a municipal corporation duly authorized to operate under the laws of the State of California and that it supervises, manages, and operates the SAN FRANCISCO POLICE DEPARTMENT ("SFPD" or "Police Department"). The remaining allegation, i.e. that "CCSF maintains respondents superior liability for the actions of its employees," is a legal conclusion to which no response is necessary. If a response is necessary, Defendant admits this allegation.

8. Defendant admits the allegations in Paragraph 8.

9. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations of Paragraph 9 and, on that basis, denies them.

10. Defendant denies the allegations in Paragraph 10.

11. Paragraph 11 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant admits that he was acting within the course and scope of his employment during his interactions with Plaintiff on July 29, 2024. To the extent that Paragraph 11 incorporates allegations of improper or illegal conduct elsewhere in the Complaint, Defendant denies these allegations.

12. Paragraph 12 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant admits that he was acting under the legal authority vested in him as a police officer during his interactions with Plaintiff on July 29, 2024. To the extent that Paragraph 12 incorporates allegations of improper or illegal conduct elsewhere in the Complaint, Defendant denies these allegations.

13. Paragraph 13 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant admits that he was acting as an agent, servant, and employee of CCSF during his interactions with Plaintiff on July 29, 2024. To the extent that Paragraph 13 incorporates allegations of improper or illegal conduct elsewhere in the Complaint, Defendant denies these allegations.

## ADMINISTRATIVE PREREQUISITES

14. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations of Paragraph 14 and, on that basis, denies them.

//

**FACTUAL ALLEGATIONS**

15. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in the first sentence of Paragraph 15 and, on that basis, denies them. Defendant admits the allegations in the second sentence of Paragraph 15. Defendant lacks sufficient knowledge or information to form a belief regarding the allegation in the third sentence of Paragraph 13 that Plaintiff looked both ways before proceeding into the crosswalk to cross 2nd Ave. and, on that basis, denies this allegation. Defendant admits the remaining allegations in the third sentence of Paragraph 15. Defendant denies the allegations in the fourth sentence of Paragraph 15.

16. Defendant admits that he was in a marked police SUV traveling northbound on 2nd Ave. when he honked his horn at plaintiff as she was about halfway through the crosswalk, as alleged in the first sentence of Paragraph 16. Defendant lacks sufficient knowledge or information to form a belief as to whether Plaintiff heard Defendant say anything after he honked his horn, as alleged in the second sentence of Paragraph 16, and, on that basis, denies this allegation. Defendant admits Plaintiff continued walking down Geary Blvd. after he honked his horn, as alleged in the second sentence of Paragraph 16. Defendant admits that he drove into an oncoming lane of traffic as he was trying to effectuate a traffic stop of Plaintiff, as alleged in the third sentence of Paragraph 16. Defendant denies the remainder of the allegations contained in the third sentence of Paragraph 16.

17. Defendant admits Plaintiff continued walking down Geary Blvd. despite Defendant's efforts to effectuate a traffic stop of Plaintiff, as alleged in the first sentence of Paragraph 17. Defendant lacks sufficient knowledge or information to form a belief as to whether Plaintiff was oblivious to Defendant's maneuvering, as alleged in first sentence of Paragraph 17, and, on that basis, denies this allegation. The allegations in the second sentence of Paragraph 17 contain Plaintiff's characterizations of Defendant's conduct, as to which no response is necessary. To the extent a response is necessary, Defendant admits that he drove his police SUV in the opposite direction of traffic in order to effectuate a traffic stop of Plaintiff.

18. Defendant admits that he exited his vehicle and approached as she was about halfway down the block, as alleged in the first sentence of Paragraph 18, but denies that he did so aggressively. The first part of the second sentence of Paragraph 18 contains Plaintiff's observations and

characterizations, i.e. that Plaintiff was "[s]urprised by the sudden and unexpected obstruction," as to which no response is necessary.  To the extent a response is necessary, Defendant denies this allegation.  Defendant admits Plaintiff stopped and took off her headphones after Defendant got her attention but denies that she asked why she was being stopped.  Defendant denies that he did not respond to her other questions. Defendant admits Plaintiff took out her cell phone to call someone, although Defendant lacks sufficient knowledge or information to form a belief as to whom she was calling.  Upon information and belief, Defendant admits that Plaintiff used her phone to record part of the encounter. Defendant admits that he unholstered his pepper spray during the encounter but denies that Plaintiff asked for his name and badge number.  Defendant admits that he told Plaintiff that she was being detained.

19. Defendant admits that he asked Plaintiff for her identification.  Defendant denies Plaintiff attempted to comply at that time by reaching into her purse.  Defendant admits he told Plaintiff to stop reaching into her purse and advised her that she was under arrest, as alleged in the second sentence of Paragraph 19.  Defendant denies the allegations in the third sentence of Paragraph 19.

20. Defendant admits that he called for backup after he detained Plaintiff, as alleged in the first sentence of Paragraph 20.  Defendant denies that he threw Plaintiff against the wall, as alleged in second sentence of Paragraph 20.  Defendant admits that several SFPD police officers arrived and assisted Defendant in placing Plaintiff under arrest, as alleged in the second sentence of Paragraph 20.  Defendant admits Plaintiff was screaming during the arrest and mentioned that she was a "domestic violence survivor but denies that she did so "repeatedly."  The fourth sentence of Paragraph 20 contains Plaintiff's characterizations of her state of mind and behavior, to which no response is necessary.  If a response is necessary, Defendant denies these allegations.  Defendant admits that Plaintiff was handcuffed and placed into the back of a patrol car.  Defendant denies that he threatened to take Plaintiff to jail if she did not stop crying.

21. Defendant denies the allegations in the first, second, third, and fourth sentences of Paragraph 21.  Defendant admits members of the public recorded video of the incident and that some of them voiced objections to the arrest, as alleged in the fifth sentence of Paragraph 21.  Defendant denies that his conduct was "outrageous," as alleged in Paragraph 21 of the Complaint.

//

22. Defendant admits he spoke to members of the public after Plaintiff was taken into custody, as alleged in the first sentence of Paragraph 21. Defendant denies that his acts were illegal, as alleged in Paragraph 21. Defendant denies the allegations in the second sentence of Paragraph 22.

23. The first part of the first sentence of Paragraph 23 concerns allegations regarding the actions of other defendants, as to which no response is necessary. The second part of the first sentence contains legal conclusions, as to which no response is necessary. To the extent a response is necessary, Defendant denies these allegations. The first part of the second sentence of Paragraph 23 concerns allegations regarding the actions of other defendants, as to which no response is necessary. To the extent that the second part of the second sentence of Paragraph 23 alleges Defendant made a pretextual stop of Plaintiff because she was a person of color or violated her rights, Defendant denies these allegations.

24. The allegations of paragraph 24 purport to characterize, summarize, paraphrase or interpret statutes, regulations, or policies that speak for themselves and, therefore, do not require a response. To the extent any response is required, Defendant denies such allegations to the extent that they fail to accurately characterize, summarize, paraphrase, or interpret the statutes, regulations, or policies on which they are based.

25. The allegations of paragraph 25 purport to characterize, summarize, paraphrase or interpret statutes, regulations, or policies that speak for themselves and, therefore, do not require a response. To the extent any response is required, Defendant denies such allegations to the extent that they fail to accurately characterize, summarize, paraphrase, or interpret the statutes, regulations, or policies on which they are based.

26. The allegations of paragraph 26 purport to characterize, summarize, paraphrase or interpret data that speak for themselves and, therefore, do not require a response. To the extent any response is required, Defendant denies such allegations to the extent that they fail to accurately characterize, summarize, paraphrase, or interpret data on which they are based.

27. The first part of the first sentence of Paragraph 27 concerns allegations regarding the actions of other defendants, as to which no response is necessary. To the extent a response is necessary, Defendant denies these allegations. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations of Plaintiff's injuries, as alleged in the second part of the first sentence and

second sentence of Paragraph 27, and, on that basis, denies them.

## DAMAGES

28.     The first part of Paragraph 28 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies these allegations. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations of Plaintiff's injuries, as alleged in the second part of Paragraph 28, and, on that basis, denies them. Defendant denies that his conduct was wrongful, as alleged at the end of Paragraph 28.

29.     The first part of Paragraph 29 contains Plaintiff's subjective motives and beliefs, as to which no response is necessary. To the extent a response is necessary, Defendant lacks sufficient knowledge or information to form a belief regarding these allegations and, on that basis, denies them. The second sentence of Paragraph 29 contains legal conclusions, as to which no response is necessary. To the extent a response is necessary, Defendant denies these allegations.

30.     Paragraph 30 contains legal conclusions and Plaintiff's characterizations of Defendant's conduct, as to which no response is necessary. To the extent a response is necessary, Defendant denies these allegations.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
**(Fourth Amendment – Excessive Force 42 U.S.C. Section 1983)**
**(*PLAINTIFF against Defendant MCFALL and DOES 1-25*)**

31.     Defendant hereby incorporates his responses to all paragraphs and headings up to and including this Paragraph 31.

32.     The allegations of paragraph 32 purport to characterize, summarize, paraphrase or interpret a statute that speaks for itself and, therefore, do not require a response. To the extent any response is required, Defendant denies such allegations to the extent that they fail to accurately characterize, summarize, paraphrase, or interpret the statute on which they are based.

33.     Paragraph 33 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 33, including the factual assumptions underlying those legal conclusions.

//

34. Paragraph 34 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 34, including the factual assumptions underlying those legal conclusions.

35. Paragraph 35 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 35, including the factual assumptions underlying those legal conclusions.

36. Paragraph 36 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 36, including the factual assumptions underlying those legal conclusions.

37. Paragraph 37 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 37, including the factual assumptions underlying those legal conclusions.

38. Paragraph 38 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 38, including the factual assumptions underlying those legal conclusions.

39. Paragraph 39 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 39, including the factual assumptions underlying those legal conclusions.

40. Paragraph 40 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 40, including the factual assumptions underlying those legal conclusions.

**SECOND CAUSE OF ACTION**
**(Violation of the 1st Amendment of the U.S. Constitution-Retaliatory Use of Force)**
*(PLAINTIFF against Defendant MCFALL and DOES 1-25)*

41. Defendant hereby incorporates his responses to all paragraphs and headings up to and including this Paragraph 41.

42. Paragraph 42 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 42, including

the factual assumptions underlying those legal conclusions.

43. Paragraph 43 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 43, including the factual assumptions underlying those legal conclusions.

44. Paragraph 44 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 44, including the factual assumptions underlying those legal conclusions.

45. Paragraph 45 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 45, including the factual assumptions underlying those legal conclusions.

## THIRD CAUSE OF ACTION
**(Supervisory and Municipal Liability for Unconstitutional Custom or Policy (Monell)**
**(*PLAINTIFF against Defendants CCSF and DOES 26-50*)**

46. Defendant hereby incorporates his responses to all paragraphs and headings up to and including this Paragraph 46.

47. Paragraph 47 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 47, including the factual assumptions underlying those legal conclusions.

48. Paragraph 48 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 48, including the factual assumptions underlying those legal conclusions.

49. Paragraph 49 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 49, including the factual assumptions underlying those legal conclusions.

50. Paragraph 50 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 50, including the factual assumptions underlying those legal conclusions.

51. Paragraph 51 contains legal conclusions, as to which no response is necessary. If a

response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 51, including the factual assumptions underlying those legal conclusions.

52. Paragraph 52 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 52, including the factual assumptions underlying those legal conclusions.

53. Paragraph 49 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 49, including the factual assumptions underlying those legal conclusions.

54. Paragraph 54 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 54, including the factual assumptions underlying those legal conclusions.

55. Paragraph 55 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 55, including the factual assumptions underlying those legal conclusions.

56. Paragraph 56 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 56, including the factual assumptions underlying those legal conclusions.

57. Paragraph 57 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 57, including the factual assumptions underlying those legal conclusions.

58. Paragraph 58 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 58, including the factual assumptions underlying those legal conclusions.

59. Paragraph 59 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 59, including the factual assumptions underlying those legal conclusions.

60. Paragraph 60 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 60, including

the factual assumptions underlying those legal conclusions.

61. Paragraph 61 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 61, including the factual assumptions underlying those legal conclusions.

62. Paragraph 62 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 62, including the factual assumptions underlying those legal conclusions.

**FOURTH CAUSE OF ACTION**
**(Fourth Amendment —Unlawful Seizure/Detention/Arrest under 42 U.S.C. § 1983)**
***(PLAINTIFF against Defendants MCFALL and DOES 1-25)***

63. Defendant hereby incorporates his responses to all paragraphs and headings up to and including this Paragraph 63.

64. Paragraph 64 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 64, including the factual assumptions underlying those legal conclusions.

65. Paragraph 65 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 65, including the factual assumptions underlying those legal conclusions.

66. Paragraph 66 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 66, including the factual assumptions underlying those legal conclusions.

67. Paragraph 67 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 67, including the factual assumptions underlying those legal conclusions.

68. Paragraph 67 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 67, including the factual assumptions underlying those legal conclusions.

//

**FIFTH CAUSE OF ACTION**
**(NEGLIGENCE)**
**(*PLAINTIFF against Defendants MCFALL, CCSF and DOES 1-25*)**

69.  Defendant hereby incorporates his responses to all paragraphs and headings up to and including this Paragraph 69.

70.  Paragraph 70 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 70, including the factual assumptions underlying those legal conclusions.

71.  Paragraph 71 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 71, including the factual assumptions underlying those legal conclusions.

72.  Paragraph 72 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 72, including the factual assumptions underlying those legal conclusions.

73.  Paragraph 73 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 73, including the factual assumptions underlying those legal conclusions.

74.  Paragraph 74 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 74, including the factual assumptions underlying those legal conclusions.

**SIXTH CAUSE OF ACTION**
**(Battery – Violation of CALIFORNIA PENAL CODE § 242)**
**(*PLAINTIFF against Defendants MCFALL, CCSF and DOES 1-25*)**

75.  Defendant hereby incorporates his responses to all paragraphs and headings up to and including this Paragraph 75.

76.  Paragraph 76 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 76, including the factual assumptions underlying those legal conclusions.

77.  Paragraph 77 contains legal conclusions, as to which no response is necessary. If a

response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 77, including the factual assumptions underlying those legal conclusions.

78. Paragraph 78 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 78, including the factual assumptions underlying those legal conclusions.

79. Paragraph 79 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 79, including the factual assumptions underlying those legal conclusions.

80. Paragraph 80 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 80, including the factual assumptions underlying those legal conclusions.

81. Paragraph 81 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 81, including the factual assumptions underlying those legal conclusions.

**SEVENTH CAUSE OF ACTION**
**(Violation of the Bane Act (Cal. Civ. Code § 52.1)**
**(*PLAINTIFF against Defendants MCFALL, CCSF and DOES 1-25*)**

82. Defendant hereby incorporates his responses to all paragraphs and headings up to and including this Paragraph 82.

83. Paragraph 83 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 83, including the factual assumptions underlying those legal conclusions.

84. Paragraph 84 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 84, including the factual assumptions underlying those legal conclusions.

85. Paragraph 85 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 85, including the factual assumptions underlying those legal conclusions.

86. Paragraph 86 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 86, including the factual assumptions underlying those legal conclusions.

87. Paragraph 87 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 87, including the factual assumptions underlying those legal conclusions.

88. Paragraph 88 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 88, including the factual assumptions underlying those legal conclusions.

89. Paragraph 89 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 89, including the factual assumptions underlying those legal conclusions.

90. Paragraph 90 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 90, including the factual assumptions underlying those legal conclusions.

**EIGHTH CAUSE OF ACTION**
**(False Imprisonment/False Arrest)**
**(PLAINTIFF against Defendants MCFALL, CCSF and DOES 1-25)**

91. Defendant hereby incorporates his responses to all paragraphs and headings up to and including this Paragraph 82.

92. Paragraph 92 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 92, including the factual assumptions underlying those legal conclusions.

93. Paragraph 93 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 93, including the factual assumptions underlying those legal conclusions.

94. Paragraph 94 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 94, including

the factual assumptions underlying those legal conclusions.

95.     Paragraph 95 contains legal conclusions, as to which no response is necessary. If a response is necessary, Defendant denies the allegations and legal conclusions of Paragraph 95, including the factual assumptions underlying those legal conclusions.

## JURY DEMAND

Defendant admits that Plaintiff is entitled to a trial by jury.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief enumerated in paragraphs numbered 1 through 7 under the PRAYER FOR RELIEF, or to any other relief from Defendant.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative and additional defenses to the Complaint. By designating the following defenses, Defendant does not admit or acknowledge that he bears the burden of proof or burden of persuasion with respect to any such defense. Defendant gives notice that he intends to rely upon such other and further defenses of which he becomes aware during discovery in this action and reserves the right to amend his Answer to assert any such defenses. Defendant also gives notice that he reserves the right to rely upon any other applicable defenses set forth in any Answer of any other defendant in this Action.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Complaint and the purported causes of action contained therein fail, in whole or in part, to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or release.

## FOURTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred by the applicable statute of limitations and/or repose.

//

**FIFTH AFFIRMATIVE DEFENSE**

The claims asserted in the Complaint are barred due to Plaintiff's failure to comply with the California Tort Claims Act.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, reduced, and/or limited pursuant to applicable statutory and common law regarding limitations on awards, caps on recovery, and/or set-offs.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, or reduced, because she has failed to exercise reasonable efforts to mitigate, minimize, or avoid any of the harm alleged.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff has not sustained any damages.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff was careless, negligent and at fault in and about the matters complained of, and such carelessness, negligence and fault proximately and concurrently caused the alleged damages sustained by Plaintiff. Under principles of comparative fault, Plaintiff must bear sole, or partial, responsibility for her alleged injuries, damages, or other alleged loss, if any there be, using a percentage allocation of Plaintiff's fault or negligence.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claimed damages are too speculative to be a basis for liability as a matter of law and due process.

**TWELFTH AFFIRMATIVE DEFENSE**

The events complained of, and the loss and damage, if any, which Plaintiff allegedly sustained, were caused wholly or in part by the fault of persons, firms, corporations, or entities other than Defendant, and such fault either eliminates or comparatively reduces the percentage of fault, if any, of Defendant with respect to the matters complained of in the Complaint.

//

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant is absolutely immune and/or entitled to qualified immunity based on the applicable federal and state laws and case law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant, at all times alleged in the Complaint, acted within the scope of discretion with due care, in good faith fulfillment of his responsibilities, pursuant to applicable statutes, rules, regulations and practices, within the bounds of reason, under all circumstances known to him, and with the good-faith belief that his actions comported with all applicable federal and state law. Defendant is therefore immune from liability.

**FIFTEENTH AFFIRMATIVE DEFENSE**

At the time of the events alleged by Plaintiff, there were no clearly established constitutional rights of which Defendant knew, or should have known, which required Defendant to act differently.  Defendant is immune from liability.

**SIXTEENTH  AFFIRMATIVE DEFENSE**

Defendant asserts, to the extent applicable, each and every affirmative defense available to him pursuant to the Federal Rules of Civil Procedure.

**SEVENTEENTH  AFFIRMATIVE DEFENSE**

Plaintiff has failed to allege facts sufficient to support an award of punitive damages.

**EIGHTEENTH  AFFIRMATIVE DEFENSE**

Plaintiffs claims, and each of them, fail as a matter of law because Defendant did not violate Plaintiff's constitutional rights and/or did not intend to violate Plaintiff's constitutional rights.

**NINETEENTH AFFIRMATIVE DEFENSE**

At all times mentioned in the Complaint, Plaintiff acted in a careless, reckless, wanton, and negligent manner in and about the matters set forth in the Complaint, and such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by Plaintiff, and as a result her causes of action against Defendant are barred.

//

//

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff violated certain provisions of the California Penal Code or Vehicle Code, and that she voluntarily assumed all risks, responsibility and liability for the injuries which were the natural and probable result of violating these laws.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

Defendant alleges by way of a plea of comparative negligence that Plaintiff was negligent in and about the matters and activities alleged in the Complaint; that Plaintiff's negligence contributed to and was a proximate cause of Plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if Plaintiff is entitled to recover damages against Defendant by virtue of the Complaint, Defendant prays that the recovery be diminished or extinguished by reason of the negligence of the Plaintiff in proportion to the degree of fault attributable to the Plaintiff.

**WHEREFORE, Defendant prays for judgment as follows:**

1. That Plaintiff take nothing from Defendant;
2. That the Complaint be dismissed with prejudice;
3. That Defendant recover his costs of suit herein, including attorney's fees; and
4. For such other relief as is just and proper.

Dated:  May 16, 2025

GORDON-CREED, KELLEY,
HOLL & SUGERMAN, LLP

By:   */s/ Kevin J. Holl*
Kevin J. Holl
Terry M. Finck
Attorneys for Defendant
JOSHUA McFALL